RECEIVED NOV 29 2021 U.S. DISTRICT COURT DISTRICT OF DELAWARE

2021 NOV 29 AM 8:49

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Brooks M. Witzke, | ) | C.A. No. 1:21cv1637 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| JUSTICES OF THE SUPREME COURT OF DELAWARE, | | |
| Collins J. Seitz, Jr., | ) | |
| James T. Vaughn, Jr., | ) | |
| Tamika R. Montgomery-Reeves, | ) | |
| Gary F. Traynor, | ) | |
| Karen L. Valihura, | ) | |
| and, | | |
| MEMBERS OF THE DELAWARE BOARD OF BAR EXAMINERS | | |
| Jennifer C. Wasson, | ) | |
| Randolph K. Herndon, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION UNDER 28 U.S.C. §292(b) FOR DESIGNATION OF A DISTRICT JUDGE FROM ANOTHER DISTRICT COURT AND REQUEST FOR APPOINTMENT OF DEAN RODNEY A. SMOLLA AS A SPECIAL MASTER PURSUANT TO F.R.C.P. 53(a)(1)**

Plaintiff respectfully submits this Motion under 28 U.S.C. §292(b) and F.R.C.P. 53(a)(1). This Motion has two separate parts: (i) Plaintiff moves this Court to designate this case to a district judge from another district court; and (ii) Plaintiff requests the appointment of a special master with expertise in the complex area of constitutional law which is the subject of Plaintiff's challenges to four of Defendants' bar admissions rules. The outcome of this case will have direct and far-reaching impacts on the health and well-being of the national economy as well as nationwide interstate legal practices

1. **Under 28 U.S.C. §292(b), This Court Should Designate A District Judge From Another District Court Because The Justices of This Court Have A Direct Interest In The Subject Matter of This Case As Shown By This Court's Advancement of Defendants' Discrimination As Well As The Objective Appearance of Partiality**

"The chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit." 28 U.S.C.S. § 292. A chief judge is not required to poll all district judges before certifying need for out-of-circuit district judge. *United States v. Claiborne*, 870 F.2d 1463, 1989 U.S. App. LEXIS 3465 (9th Cir. 1989). "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which . . . he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . [or where] the judge or lawyer has been a material witness concerning it." 28 U.S.C.S. § 455(b). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 193 (3d Cir. 2007). "Motions to recuse[1] under 28 U.S.C. § 455(a) must rest on the kind of objective facts that a reasonable person would use to evaluate whether an appearance of impropriety had been created, not on 'possibilities' and unsubstantiated allegations." *Id*.

In this case the public interest *requires* the designation and assignment of an impartial judge from another district court to proceed over the case. Plaintiff filed a very artful pleading detailing systematic corruption in the Delaware Bar which, according to the accusations raised in

---

[1] Plaintiff does not intend for this Motion to be considered as a Motion to Recuse Judge Connolly, but rather, Plaintiff utilizes 28 U.S.C. § 455(a) to show why transfer to a jurist from another district is necessary. Also, Plaintiff means no disrespect to this Court or Judge Connolly when he references the objective evidence demonstrating collusion and/or partiality. Plaintiff kindly asks Judge Connolly to consider that Plaintiff is acting as his own advocate and is merely trying to ensure that he receives an impartial decision by a neutral and detached decisionmaker—regardless of the ultimate outcome. Plaintiff has much respect for Judge Connolly for his contributions to Delaware's society prior to taking the bench, including his service as the President of the Board of Trustees for Mom's House of Wilmington.

the Verified Complaint, spreads into this Court and specifically involves <u>all three</u> of the Honorable Justices of this Court. Plaintiff demonstrated part of this corruption by showing that this Court has curtailed its own admissions rules to advance the Defendants' discriminatory purposes. *See* D. Del. LR 83.5(b); 83.5(d). *See also* Plaintiff Mem. In Supp. of TRO at Exhibit A. A reasonable person, with knowledge of all the facts, would conclude that Judge Connolly, Judge Maryellen Noreika, and Judge Andrews' impartiality might reasonably be questioned because **all three judges** drafted and approved the offending rules **<u>in partnership with Defendant Seitz</u>**. *See* **Exhibit A.** Although Plaintiff does not bring a challenge to D. Del. LR 83.5(b) or 83.5(d) at this juncture, Plaintiff intends to use this Courts' acquiescence and advancement of Defendants' discrimination to bolster his theory of systematic corruption and discrimination.

Plaintiff has also demonstrated the partiality of Judge Richard Andrews towards the Defendants to this cause of action by exposing what Judge Andrews did in the case of *Abbott v. Mette*, Civil Action No. 20-cv-131-RGA, 2021 U.S. Dist. LEXIS 58015 (D. Del. Mar. 26, 2021). In *Abbott*, Judge Richard Andrews improperly dismissed a case against the Defendants—five of the same Defendants to this case—which was almost identical to this case, and Judge Andrews accomplished this by refusing to acknowledge the unassailable arguments raised by the plaintiff, Richard Abbott, that required this Court to deny the *Younger* abstention defense. *Id.* Judge Connolly had previously recused himself from the case due to his relationship with the Defendants. *Id.*

Plaintiff read the docket from the case and discovered that Judge Andrews issued his decision denying Mr. Abbott's request for a TRO before he had even read Mr. Abbott's Reply Memorandum. Plaintiff can tell this because Judge Andrews appeared to have no knowledge of

3

the counterpoints Mr. Abbott raised in his Reply Memorandum and Judge Andrews issued his decision first thing on a Monday morning (02-03-2020) when Mr. Abbott submitted the (35 paragraph) Reply Memorandum on the day prior--a Sunday evening (02-02-2020). Plaintiff has concluded that Judge Andrews was missioned to find some way to aid and abet the Defendants regardless of whether it was just or ethical for him to do so. After a careful read of this Court's final Order to dismiss the case under the *Younger* Abstention Doctrine, Plaintiff has drawn the conclusion that Judge Andrews was bias towards the Defendants and that his bias impacted his professional judgement.

  With all due respect to Judge Connolly, Plaintiff also asks that this Court consider the fact that Plaintiff has asserted an intention to subpoena Judge Connolly and depose him as a material witness in this case. *See* (D.I. 1, Letter to Clerk).

  Under these circumstances as well as the allegations made in the Verified Complaint, the administration of justice requires that this case be designated to a district judge in another district. *See United States v. Gordon*, 354 F. Supp. 2d 524, 2005 U.S. Dist. LEXIS 1558 (D. Del.), transferred, 380 F. Supp. 2d 356, 2005 U.S. Dist. LEXIS 16441 (D. Del. 2005) (Where motion for recusal in criminal case involved public corruption of former county officials, and where allegations were made that judge of small four-judge district had personal connections and business dealings with two defendants, appearance of partiality was established so that it was necessary for chief judge of circuit to assign criminal matter to judge from outside of district pursuant to 28 USCS § 292(b)); *See also Torres v. Trinity Indus.*, 229 F. Supp. 2d 616, 2002 U.S. Dist. LEXIS 18607 (N.D. Tex. 2002)(District court judge that had determined that judge's recusal was proper from further proceedings in case determined that other judges in district were also not able to hear matter and requested that chief judge for circuit assign circuit judge to case).

2. **Under FRCP 53(a)(1), Plaintiff Requests The Appointment Of Dean Rodney A. Smolla as A Special Master Because of The Complexity of The Legal Issues Compounded By The Potential National Impact of This Courts' Decision As Well As Judge Connolly's Current Caseload**

"Unless a statute provides otherwise, a court may appoint a master only to: (A) perform duties consented to by the parties; (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by: (i) some exceptional condition; or (ii) the need to perform an accounting or resolve a difficult computation of damages; or (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." USCS Fed Rules Civ Proc R 53.

Plaintiff brings a challenge to four (4) of Defendants' bar admissions rules that require physical presence in the State of Delaware for at least fifty (50) hours a week for a period of at least five (5) months prior to gaining admission to the Delaware Bar. Plaintiff brings challenges under the Privileges and Immunities Clause of Article IV and the dormant Commerce Clause of the United States Constitution, among others. As Plaintiffs' Memorandum in Support of a TRO establishes, the law on these issues can be extremely murky and difficult to understand for those without significant expertise in this area. Additionally, Plaintiff rightfully points out that the disposition of this case is going to render an ultimate decision that will forever impact the national economy as well as the interstate legal market. These are not decisions that the Court should take lightly or make without significant expertise.

This Court recently appointed Constitutional Law Expert Dean Rodney A. Smolla as a Special Master to decide a non-dispositive issue in a case involving complex corporate law questions. *See In re Storag Etzel GmbH*, No. 19-MC-209-CFC, 2020 U.S. Dist. LEXIS 12374, at

5

\*4 (D. Del. Jan. 23, 2020) ("his experience and reputation as a First Amendment scholar and lawyer make him especially well-suited for this assignment. My plan is to refer sealing matters in other cases to him, and I welcome any thoughts he has on practices and procedures the Court can implement. . . .").

If this Court found that there was good cause to attain Dean Smolla's assistance to make a non-dispositive decision in a corporate law matter, citing the importance of his expertise due to the importance of the issues of the underlying cause of action, one must wonder how much more Dean Smolla's assistance will be needed in rendering a decision that will impact the very functioning of American Corporation Law as we know it—the dismantling of a system that has been in place for the past century. Additionally, Plaintiff points out that Judge Connolly described an overly-burdensome caseload in *In re Storag Etzel GmbH* which supported Judge Connolly's decision to appoint Dean Smolla. With Judge Leonard P. Stark's recent nomination to the Federal Court of Appeals, one can only imagine how much worse this Court's caseload has gotten, and will get, with the absence of another available judge. When viewed in combination with the complexity and national impact of this Court's decision, there is no doubt that the appointment of Dean Smolla is more necessary than it ever was in *In re Storag Etzel GmbH*.

Plaintiff respectfully requests that Dean Smolla be appointed as a special master to provide expertise in the complex areas of constitutional law which are the subject of Plaintiff's challenge to the Defendants' admissions rules and to hold trial proceedings and make or recommend findings of fact. Plaintiff is willing to pay the cost of Dean Smolla's fees in reviewing the case materials and pleadings and rendering his advice to the Court so long as the Defendants pledge not to needlessly run up the costs of Dean Smolla's fees.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the designation of a judge from another judicial district pursuant to 28 U.S.C. §292(b), and Plaintiff respectfully requests the appointment of Dean Rodney A. Smolla as a Special Master pursuant to FRCP 53(a)(1) so that Dean Smolla's expertise can be utilized in this Court's ultimate decision of whether Defendants' admissions rules violate the Constitution of the United States.

Respectfully Submitted,

DATE: November 26, 2021

_____/S/_____
Brooks M. Witzke, *Pro Se*
LAWMAN LLC*
211 CIRCLE INN #57
CHUBBUCK, ID 83211
302-604-4925
BrooksWitzke@Witzkelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the day that this Motion was filed and accepted by this Court, November 26, 2021, I caused the foregoing document to be filed electronically with the Clerk of the Court through the CM/ECF System for filing and served on counsel registered to receive CM/ECF notifications in this case. I also caused the foregoing document to be e-mailed to the following counsel for Defendants at the email address identified below and if no such email address is identified to be mailed, via First Class mail, to the mailing addresses identified below:

*Counsel for All Defendants*

**Kathleen Jennings, Esquire** (DE Bar ID: 000913)
Delaware Attorney General
Delaware Department of Justice
Carvel State Building
820 N. French St.
Wilmington, DE 19801
Kathleen.jennings@delaware.gov

**Alexander S. Mackler, Esquire** (DE Bar ID: 006095)
Chief Deputy Attorney General
Delaware Department of Justice
Carvel State Building
820 N. French St.
Wilmington, DE 19801
alexander.mackler@delaware.gov

**Patricia A. Davis, I.D. #3857**
**George T. Lees, III, I.D. #3647**
**Allison McCowan, I.D. #5931**
Deputy Attorneys General
820 N. French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
PatriciaA.Davis@delaware.gov
George.Lees@delaware.gov
Allison.McCowan@delaware.gov

/S/
Brooks M. Witzke, *Pro Se*
LAWMAN LLC*
211 CIRCLE INN #57
CHUBBUCK, ID 83211
302-604-4925
BrooksWitzke@Witzkelaw.com