# LOCAL RULES

## OF

## CIVIL PRACTICE AND PROCEDURE

### OF THE

## UNITED STATES DISTRICT COURT

### FOR THE

## DISTRICT OF DELAWARE

(Amended Effective April 30, 2010)

**Preface to the 2010 Amendments**

It has been three years since the Local Rules of Civil Practice and Procedure were amended by the Court.  Since the last amendments were made effective, the Federal Rules of Civil Procedure have been amended in several respects, including rules relating to computation of time.  The amendments made herein are meant to reflect these amendments and to address other practices of the Court and of the Bar.

The Judges of the Court take this opportunity to thank the members of the Bar named below who gave the Court their time and advice regarding this project.

### Members of the U. S. District Advisory Committee

Kathleen Furey McDonough, Esquire, Chair
Richard G. Andrews, Esquire
Neal C. Belgam, Esquire
Edson A. Bostic, Esquire
Richard K. Herrmann, Esquire
Kathleen M. Jennings, Esquire
Richard D. Kirk, Esquire
William J. Marsden, Esquire
Pauline K. Morgan, Esquire
Maryellen Noreika, Esquire
Collins J. Seitz, Jr., Esquire
David Weiss, Esquire
Gregory B. Williams, Esquire
Gregg E. Wilson, Esquire

In a removed case, the caption on any pleading, including the petition, shall be identical, insofar as the parties are concerned, as in the state court.

RULE 81.2.  **Cases Transferred or Removed to this Court.**

In any case transferred or removed to this Court, within 21 days of the filing of the case with the Clerk, the parties shall submit a statement identifying all pending matters which require judicial action.

RULE 83.2.  **Photographs and Broadcasting.**

Broadcasting, televising, recording or taking of photographs in connection with any judicial proceedings within the United States Courthouse at Wilmington, Delaware, whether or not such judicial proceedings are actually in session, is prohibited, except that the Court may authorize:

(a)     The use of electronic or photographic means as a presentation of evidence and for the perpetuation of a record; and

(b)     The broadcasting, televising, recording or photographing of investiture, ceremonial or naturalization proceedings, law school moot court proceedings, and activities sponsored by the bar association for continuing legal education.

RULE 83.4.  **Security of the Court.**

The Court or any Judge may, from time to time, make such orders or impose such requirements as may be reasonably necessary to assure the security of the Court and of all persons in attendance.


## XII.  ATTORNEYS

RULE 83.5.  **Bar Admission**.

(a)     The Bar of this Court.  The Bar of this Court shall consist of those persons heretofore admitted to practice in this Court and those who may hereafter be admitted in accordance with these Rules.

(b)     Admission.  Any attorney admitted to practice by the Supreme Court of the State of Delaware may be admitted to the Bar of this Court on motion of a member of the Bar of this Court made in open court and upon taking the following oath and signing the roll:

"I, _____, do
solemnly swear (or affirm) that I will conduct myself, as an attorney and

counselor of this Court, uprightly, and according to law; and that I will support the Constitution of the United States."

(c)      Admission *Pro Hac Vice*. Attorneys admitted, practicing, and in good standing in another jurisdiction, who are not admitted to practice by the Supreme Court of the State of Delaware, may be admitted *pro hac vice* to the Bar of this Court in the discretion of the Court, such admission to be at the pleasure of the Court. Unless otherwise ordered by the Court, or authorized by the Constitution of the United States or acts of Congress, an applicant is not eligible for permission to practice *pro hac vice* if the applicant:

      (1)      Resides in Delaware; or

      (2)      Is regularly employed in Delaware; or

      (3)      Is regularly engaged in business, professional, or other similar activities in Delaware.

Any judge of the Court may revoke, upon hearing after notice and for good cause, a *pro hac vice* admission. The form for admission *pro hac vice*, which may be amended by the Court as prescribed by standing order, is appended to these rules.

(d)      Association with Delaware counsel required. Unless otherwise ordered, an attorney not admitted to practice by the Supreme Court of the State of Delaware may not be admitted *pro hac vice* in this Court unless associated with an attorney who is a member of the Bar of this Court and who maintains an office in the District of Delaware for the regular transaction of business ("Delaware counsel"). Consistent with CM/ECF Procedures, Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Unless otherwise ordered, Delaware counsel shall attend proceedings before the Court.

(e)      Time to Obtain Delaware Counsel. A party not appearing *pro se* shall obtain representation by a member of the Bar of this Court or have its counsel associate with a member of the Bar of this Court in accordance with D. Del. LR 83.5(d) within 30 days after:

      (1)      The filing of the first paper filed on its behalf; or

      (2)      The filing of a case transferred or removed to this Court.

Failure to timely obtain such representation shall subject the defaulting party to appropriate sanctions under D. Del. LR 1.3(a).

(f)      Association with Delaware counsel not required.

33

LOCAL RULES

OF

CIVIL PRACTICE AND PROCEDURE

OF THE

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF DELAWARE

(Amended Effective August 1, 2016)

**Preface to the 2016 Amendments**

It has been six years since the Local Rules of Civil Practice and Procedure were amended by the Court. Since the last amendments were made effective, the Federal Rules of Civil Procedure have been amended in several respects, including rules relating to computation of time.  The amendments made herein are meant to reflect these amendments and to address other practices of the Court and of the Bar.

The Judges of the Court take this opportunity to thank the members of the Bar named below who gave the Court their time and advice regarding this project.

### Members of the U. S. District Advisory Committee

Colm F. Connolly, Esquire (Chair)
Steven J. Balick, Esquire
Edson Bostic, Esquire
Mary W. Bourke, Esquire
Steven B. Brauerman, Esquire
Kelly E. Farnan, Esquire
Aaron R. Goldstein
Shannon T. Hanson, Esquire
AnnaMartina Tyreus Hufnal, Esquire
Pilar Gabrielle Kraman
Mary Matterer, Esquire
Kathleen Fury McDonough, Esquire
Noel E. Primos, Esquire
Patricia S. Rogowski, Esquire
Rodger D. Smith, II, Esquire
Gregory B. Williams, Esquire

In any case transferred or removed to this Court, within 21 days of the filing of the case with the Clerk, the parties shall submit a statement identifying all pending matters which require judicial action.

RULE 83.2. **Photographs and Broadcasting.**

Broadcasting, televising, recording or taking of photographs in connection with any judicial proceedings within the United States Courthouse at Wilmington, Delaware, whether or not such judicial proceedings are actually in session, is prohibited, except that the Court may authorize:

(a)     The use of electronic or photographic means as a presentation of evidence and for the perpetuation of a record; and

(b)     The broadcasting, televising, recording or photographing of investiture, ceremonial or naturalization proceedings, law school moot court proceedings, and activities sponsored by the bar association for continuing legal education.

RULE 83.4. **Security of the Court.**

The Court or any Judge may, from time to time, make such orders or impose such requirements as may be reasonably necessary to assure the security of the Court and of all persons in attendance.

## XII. ATTORNEYS

RULE 83.5. **Bar Admission**.

(a)     The Bar of this Court.  The Bar of this Court shall consist of those persons heretofore admitted to practice in this Court and those who may hereafter be admitted in accordance with these Rules.

(b)     Admission.  Any attorney admitted to practice by the Supreme Court of the State of Delaware may be admitted to the Bar of this Court on motion of a member of the Bar of this Court made in open court and upon taking the following oath and signing the roll:

"I, _____, do solemnly swear (or affirm) that I will conduct myself, as an attorney and counselor of this Court, uprightly, and according to law; and that I will support the Constitution of the United States."

(c)     Admission *Pro Hac Vice*. Attorneys admitted, practicing, and in good standing in another jurisdiction, who are not admitted to practice by the Supreme Court of the State of Delaware, may be admitted *pro hac vice* to the Bar of this Court in the discretion of the Court, such admission to be at the pleasure of the Court. Unless otherwise ordered by the Court, or authorized by the Constitution of the United States or

acts of Congress, an applicant is not eligible for permission to practice *pro hac vice* if the applicant:

        (1)     Resides in Delaware; or

        (2)     Is regularly employed in Delaware; or

        (3)     Is regularly engaged in business, professional, or other similar activities in Delaware.

Any judge of the Court may revoke, upon hearing after notice and for good cause, a *pro hac vice* admission. The form for admission *pro hac vice*, which may be amended by the Court as prescribed by standing order, is appended to these rules.

(d)     Association with Delaware counsel required.  Unless otherwise ordered, an attorney not admitted to practice by the Supreme Court of the State of Delaware may not be admitted *pro hac vice* in this Court unless associated with an attorney who is a member of the Bar of this Court and who maintains an office in the District of Delaware for the regular transaction of business ("Delaware counsel"). Consistent with CM/ECF Procedures, Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Unless otherwise ordered, Delaware counsel shall attend proceedings before the Court.

(e)     Time to Obtain Delaware Counsel.  A party not appearing *pro se* shall obtain representation by a member of the Bar of this Court or have its counsel associate with a member of the Bar of this Court in accordance with D. Del. LR 83.5(d) within 30 days after:

        (1)     The filing of the first paper filed on its behalf; or

        (2)     The filing of a case transferred or removed to this Court.

Failure to timely obtain such representation shall subject the defaulting party to appropriate sanctions under D. Del. LR 1.3(a).

(f)     Association with Delaware counsel not required.

        (1)     Attorneys who are members in good standing of the bar of the highest Court of any state, territory, or the District of Columbia may, after submitting themselves to the jurisdiction of this Court in writing, act as an attorney in this Court on behalf of the United States or any of its departments, agencies or officials (in their official or individual capacities).

        (2)     Attorneys who are admitted to the Bar of this Court and in good standing, but who do not maintain an office in the District of Delaware, may appear on behalf of parties upon application to the Court.

RULE 83.6. **Attorney Discipline.**

(a)     Attorneys Convicted of Crimes.

# LOCAL RULES

## OF

## CIVIL PRACTICE AND PROCEDURE

## OF THE

## UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF DELAWARE

(Amended Effective August 1, 2016)

**Preface to the 201609 Amendments**

It has been six ~~two~~ years since the Local Rules of Civil Practice and Procedure were amended by the Court. Since the last amendments were made effective, the Federal Rules of Civil Procedure have been amended in several respects, including rules relating to computation of time.  The amendments made herein are meant to reflect these amendments and to address other practices of the Court and of the Bar.

The Judges of the Court take this opportunity to thank the members of the Bar named below who gave the Court their time and advice regarding this project.

### Members of the U. S. District Advisory Committee

~~Kathleen Furey McDonough, Esquire, Chair~~
~~Richard G. Andrews, Esquire~~
~~Neal C. Belgam, Esquire~~
~~Edson A. Bostic, Esquire~~
~~Richard K. Herrmann, Esquire~~
~~Kathleen M. Jennings, Esquire~~
~~Richard D. Kirk, Esquire~~
~~William J. Marsden, Jr., Esquire~~
~~Pauline K. Morgan, Esquire~~
~~Maryellen Noreika, Esquire~~
~~Collins J. Seitz, Jr., Esquire~~
~~David Weiss, Esquire~~
~~Gregory B. Williams, Esquire~~
~~Gregg E. Wilson, Esquire~~
Colm F. Connolly, Esquire (Chair)
Steven J. Balick, Esquire
Edson Bostic, Esquire
Mary W. Bourke, Esquire
Steven B. Brauerman, Esquire
Kelly E. Farnan, Esquire
Aaron R. Goldstein, Esquire
Shannon T. Hanson, Esquire
AnnaMartina Tyreus Hufnal, Esquire
Pilar Gabrielle Kraman
Mary Matterer, Esquire
Kathleen Fury McDonough, Esquire
Noel E. Primos, Esquire

(c)     The consent form shall be filed with the Clerk not later than the final pretrial conference, unless otherwise ordered.

(d)     After the consent form has been executed and filed, the Clerk shall so advise the District Judge to whom the case has been assigned. At the direction of the District Judge, the Clerk shall prepare, for the District Judge's signature, an order referring the case to the Magistrate Judge. Once the case has been referred, a Magistrate Judge shall have the authority to conduct any and all proceedings to which the parties have consented and to direct the Clerk to enter a final judgment in the same manner as if a District Judge presided.

## X. DISTRICT COURTS AND CLERKS

RULE 77.1.  **Hours of the Clerk's Office.**

The business hours of the Clerk's office shall be 8:30 a.m. to 4:00 p.m., Monday through Friday, except legal holidays.

RULE 77.2.  **Orders and Judgments by the Clerk.**

(a)     Orders by the Clerk.  The Clerk is authorized, without further direction of a judge, to sign and enter orders specifically delineated as allowed to be signed by the Clerk under the Fed. R. Civ. P. , and also the following:

(1)     Orders specifically appointing persons to serve process in accordance with Fed. R. Civ. P. 4.

(2)     Orders on consent noting satisfaction of a judgment, providing for the payment of money, withdrawing stipulations, annulling bonds, exonerating sureties or setting aside a default.

(3)     Orders of dismissal on consent, with or without prejudice, except in cases to which Fed. R. Civ. P. 23, 23.1 or 66 apply.

(4)     Orders entering default for failure to plead or otherwise defend in accordance with Fed. R. Civ. P. 55.

(5)     Any other orders which, pursuant to Fed. R. Civ. P. 77(c), do not require direction by the Court.

(6)     Consent orders extending, for not more than 21 days in any instance, the time to file the record on appeal in the appellate court.

(b)     Action by the Court.  Any order entered by the Clerk under this Rule may be suspended, altered or rescinded by the Court upon cause shown.

RULE 79.1.  **Custody and Return of Exhibits.**

(a)     Custody.  The Clerk shall have custody of every exhibit admitted in evidence, or which is the subject of an offer of proof. The Court may, upon stipulation or application, order an original exhibit returned to the party to whom it belongs with a copy of the exhibit approved and initialed by the opponent to be filed in place of the original.

(b)     Return.  Upon the conclusion of an action (as defined hereinafter) and unless the Court otherwise orders:

(1)     Any party shall be entitled to have such exhibits returned to the party or person to whom they belong, without the necessity of filing any copies thereof; and

(2)     The Clerk shall notify counsel to remove the exhibits within 30 days and, upon counsel's failure to do so, the Clerk may dispose of them as the Clerk sees fit and at the expense of counsel.

(c)     Conclusion of an Action.  An action shall be deemed concluded when:

(1)     A stipulation is filed that serves to waive or abandon the right to a rehearing or new trial or to an appeal; or

(2)     The time to file an appeal has expired; or

(3)     The action has been fully resolved on appeal.

RULE 79.2.  **Custody of Files and Documents not in Electronic Format.**

All files of the Court shall remain in the custody of the Clerk and no record or paper belonging to the Court's files shall be taken from the Clerk's custody without a special order of the Court and a proper receipt signed by the person obtaining the record or paper. No such order will be entered except in extraordinary circumstances.

RULE 80.1.  **Court Reporting Fees.**

A current schedule of transcript fees, as established by the Judicial Conference, is posted in the Clerk's Office and is available from the official court reporters.