## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BROOKS M. WITZKE,

         Plaintiff,

    v.

COLLINS J. SEITZ, JR., *et al.*,

         Defendants.

Civil No. 21-1637 (RMB/EAP)

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge (D.N.J.):[1]**

    This action involves several constitutional challenges to certain attorney admission requirements of the Delaware Bar and the United States District Court for the District of Delaware.  The claims are asserted by *pro se* Plaintiff Brooks M. Witzke ("**Plaintiff**"), a 2019 law school graduate from Idaho who unsuccessfully applied for admission to the Delaware Bar.  Denying his application, the Delaware Board of Bar Examiners (the "**Board**" or "**DBBE**") determined that Plaintiff had breached his duty of candor by failing to properly disclose an administrative proceeding regarding unemployment insurance benefits, as well as certain employment and residential details.  In short, although Plaintiff completed all other requirements for admission to

---

[1] Pursuant to 28 U.S.C. § 292(b), and finding it in the public interest to do so, Chief Judge Michael A. Chagares of the United States Court of Appeals for the Third Circuit designated and assigned this matter to this Court for such period as is necessary for the disposition of this action and all related cases.  [Docket No. 70.]

the Delaware Bar, he did not pass the character and fitness requirements due to, in Plaintiff's own words, "reasonable concerns regarding Plaintiff's checkered youth."

But this action is not about Plaintiff's character and fitness to practice law, nor is it about Plaintiff's unsuccessful application for admission to the Delaware Bar. Rather, Plaintiff seeks to avoid compliance with certain other requirements for admission to the Delaware Bar *when he reapplies in the future*, specifically: (i) Delaware Supreme Court Rule 52(a)(8), which requires that he complete a supervised "clerkship" in Delaware for twelve weeks (previously five months) (the "**Clerkship Requirement**"); (ii) Rule 52(a)(9), which requires that he perform a certified "checklist" of legal tasks during his clerkship as confirmed by his preceptor (the "**Checklist Requirement**"); and (iii) Rule 52(a)(2), which requires a qualified "preceptor" to vouch for his application (the "**Preceptor Requirement**,"[2] and collectively, the "**Challenged Requirements**"). Plaintiff successfully completed each of these requirements in connection with his former application, and none served as the basis for the DBBE's denial of his application for admission.

For this reason, Chief Judge Freda L. Wolfson (ret.), who was sitting by designation over this action until her retirement, determined in her November 10, 2022 Memorandum Opinion that Plaintiff had failed to establish Article III standing based on the allegations contained in Plaintiff's Second Amended Complaint.[3]  She thus

---

[2] Plaintiff also challenges Del. BR. 10, which includes various qualifications and duties of a preceptor.

[3] Mem. Op., Docket No. 56. See also *Witzke v. Seitz*, 2022 WL 16852613 (D. Del. Nov. 10, 2022).

dismissed Plaintiff's claims without prejudice. Dissatisfied with that outcome, Plaintiff sought reconsideration and claimed that Chief Judge Wolfson had misunderstood the injury he alleged. Denying his motion, she nevertheless permitted Plaintiff to raise his arguments and include additional allegations in a third amended complaint, which he subsequently filed. This is Plaintiff's third bite at the apple. It will be his last.

The matter now comes before the Court upon the Motion to Dismiss filed by Defendant Chief Judge Colm F. Connolly of the United States District Court for the District of Delaware (the "**Federal Defendant**") and the Motion to Dismiss filed by Defendants Chief Justice Collins J. Seitz, Jr. of the Delaware Supreme Court; Justices Karen L. Valihura, James T. Vaughn, Jr., and Gary F. Traynor of the Delaware Supreme Court; and Andrew Cordo, Chair of the Delaware Board of Bar Examiners (the "**State Defendants**") pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).[4] Plaintiff opposes the Motions.[5] As these Motions are fully briefed, they are ripe for adjudication. Pursuant to Federal Rule of Civil Procedure 78 and D. Del. LR 7.1.4, no oral argument was heard. Because the Court concludes that Plaintiff has failed to establish Article III standing, Defendants' Motions to Dismiss will be **GRANTED**, and the Third Amended Complaint will be **DISMISSED**.

---

[4] [Fed. Def.'s Br. in Support of Mot. to Dismiss, Docket No. 79 ("**Fed. Def.'s Br.**"); State Defs.' Br. in Support of Mot. to Dismiss, Docket No. 81 ("**State Defs.' Br.**").]

[5] [Br. in Opp'n to Fed. Def.'s Mot. to Dismiss, Docket No. 92 ("**Pls.' Opp'n to Fed. Def.'s Mot**."); Br. in Opp'n to State Defs.' Mot. to Dismiss, Docket No. 91 ("**Pls.' Opp'n to State Defs.' Mot**.").]

# I.      BACKGROUND

The parties are all too familiar with the facts surrounding this case.  Though Plaintiff has filed a Third Amended Complaint, his allegations are materially identical to his former pleading.  The Court thus recites only those facts that it deems necessary to dispose of the pending Motions, relying on the well-pleaded allegations contained in the Third Amended Complaint, [Docket No. 73 ("**TAC**")], and otherwise incorporating by reference the facts recited in *Witzke v. Seitz*, 2022 WL 16852613 (D. Del. Nov. 10, 2022) (Wolfson, C.J.) to the extent not in conflict with the operative pleading.

## A.      The Challenged Requirements for Admission to the Delaware Bar and the United States District Court for the District of Delaware

As the parties know, to become admitted to the Delaware Bar, an applicant must meet several requirements.  There are the typical prerequisites: an applicant must graduate from an accredited law school, Del. Sup. Ct. R. 52(a)(4–5), achieve a passing score on the Delaware Bar exam, *id.* R. 52(a)(7), and produce sufficient evidence that he possesses "good moral character" and "such qualities, aptitudes and disposition as fit the applicant for the practice of law," *id.* R. 52(a)(1).  These requirements are not in dispute.  As identified above, relevant here are the Challenged Requirements, which Plaintiff cites in his pleading.  [See TAC ¶¶ 22–25.]

Pursuant to the Clerkship Requirement, an applicant must complete "a clerkship in the State of Delaware under the direct and constant supervision of a member of the Bar of this State . . . aggregating substantially full-time service for at

least 12 weeks' duration, which period need not be continuous but which may not begin prior to matriculation at a law school." *Id.* R. 52(a)(8).[6]  The "clerkship" may be served in any number of settings, including in a private practice, for a state or federal judge in Delaware, or in another public office in the State.  *Id.* R. 52(a)(8)(i)–(iii).

Pursuant to the Checklist Requirement, an applicant must perform "such legal tasks and activities related to the practice of law in Delaware as the Board shall direct and furnish in the form of a checklist to all applicants for admission, with the completion of such tasks and activities to be certified by both the applicant and the applicant's Preceptor." *Id.* R. 52(a)(9).  The current checklist includes 30 different tasks, 18 of which must be completed.  Law Clerk Schedule of Legal Assignments, Bd. of  Bar  Examiners  of  the  Del.  Sup.  Ct.,  *available  at* https://courts.delaware.gov/bbe/clerkship.aspx.[7]  For example, the law clerk must "[a]ttend a hearing before a Delaware state administrative agency." *Id.* § A.8.

Pursuant to the Preceptor Requirement, each applicant must be "vouched for by a member of the Bar of this State who shall have been a member of the Bar of this State for at least 10 years."  Del. Sup. Ct. R. 52(a)(2).  The Board has promulgated

---

[6] On February 21, 2023, the Delaware Supreme Court issued an Order amending Rules 51 and 52. [Docket No. 81-1, Ex. A.]  In that Order, the Delaware Supreme Court shortened the clerkship requirement period from five months to twelve weeks.  [*Id.*]

[7] Plaintiff refers to a prior version of the Law Clerk Checklist that is no longer relevant.  [Docket No. 73-1, Ex. D.]  The Court thus cites the current checklist, which is a matter of public record.  *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (explaining that a court may consider matters of public record when deciding a motion to dismiss) (citation omitted).

additional regulations relating to the Preceptor Requirement, including that each preceptor must mentor the applicant and "shall confer on a frequent and regular basis with the applicant" to ensure compliance with Rules 52(a)(8) and 52(a)(9).  Del. BR 10(b).  Ultimately, the preceptor is responsible for reviewing the applicant's admission application, certifying to the applicant's compliance with the Clerkship and Checklist Requirements, and attesting to the accuracy of the application.  Del. BR 10(d).

Relatedly, Plaintiff challenges two local rules of the United States District Court for the District of Delaware.  [TAC ¶ 83 (citing D. Del. LR 83.5(b) and D. Del. LR 83.5(f)(2)); *id.* ¶¶ 82–89.]  The District of Delaware maintains its own admission rules.  D. Del. LR 83.5(a).  Its principal admission rule provides that "[a]ny attorney admitted to practice by the Supreme Court of the State of Delaware may be admitted to the Bar of this Court on motion of a member of the Bar of this Court made in open court."  D. Del. LR 83.5(b).  Furthermore, D. Del. LR 83.5(f)(2) provides that "[a]ttorneys who are admitted to the Bar of [the District of Delaware] and in good standing, but who do not maintain an office in the District of Delaware, may appear on behalf of parties upon application to the [c]ourt."  D. Del. LR 83.5(f)(2).

## B.   Plaintiff was Denied Admission to the Delaware Bar for a Lack of Candor and to the District Court Because He Was Not Admitted to the Delaware Bar

Plaintiff graduated from Concordia University School of Law in Boise, Idaho in May 2019.  [TAC ¶¶ 53–54.]  After graduation, he relocated to Delaware, applied for admission to the Delaware Bar, and passed the July 2019 administration of the Bar exam.  [*Id.* ¶¶ 1, 54.]  In September 2019, he joined the Delaware law firm of Gonser

6

and Gonser, P.A. and began working on the Challenged Requirements. [*Id.* ¶ 55.] By June 2020, Plaintiff completed the Challenged Requirements and, thus, his application for admission. [*Id*. ¶ 67.]

But on August 28, 2020, Plaintiff received an initial notice from the DBBE denying his application. [*Id.* ¶ 68.] The DBBE determined that Plaintiff had failed to submit a complete application because he did not properly disclose dates of his employment history and his residential address history. [*Id.*] The DBBE also determined that Plaintiff had not properly disclosed his involvement in an administrative proceeding before the "Delaware Unemployment Office," where Plaintiff had apparently underreported his income. [*Id.*] Following the initial denial, Plaintiff requested a show cause hearing, which took place on June 7, 2021. [*Id.* ¶ 74.] The DBBE panel that presided over the hearing adopted a final decision denying Plaintiff admission to the Delaware Bar "on the grounds of moral character." [*Id.* ¶ 75.] The DBBE panel concluded that Plaintiff "has a long and troubling history evidencing a lack of candor continuing through the June 7, 2021 [h]earing." [Docket No. 29-1, at 3, 4.] The denial of Plaintiff's application was not based on Plaintiff's failure to complete the Challenged Requirements. [*See* TAC ¶ 75.]

After the DBBE denied Plaintiff's application for admission, he sought to be admitted to the United States District Court for the District of Delaware. [*Id.* ¶ 89.] Defendant Chief Judge Colm F. Connolly denied his application for admission

because he was not admitted to the Delaware Bar.  [*Id.*]  Plaintiff sought reconsideration of that determination but was denied.  [*See id.*]

### C. Plaintiff Seeks to Reapply for Admission to the Delaware Bar and to the United States District Court for the District of Delaware

Notwithstanding the decisions of the Delaware Bar and the United States District Court for the District of Delaware, Plaintiff intends to reapply for admission to both bars.  [*Id.* ¶¶ 77–79, 89.]  This is essentially the sole focus of the Third Amended Complaint—to clarify that his alleged injury is prospective and not focused on adjudicating the DBBE's denial of his former application due to his inability to pass the character and fitness requirements for admission to the Delaware Bar.  [*Id.* ¶¶ 75–81.]  To become admitted, Plaintiff again asserts that he will have to complete the Challenged Requirements anew before completing his second application.  [*Id.* ¶¶ 76–78.]  Additionally, Plaintiff intends to reapply for admission to the District of Delaware "if its admission rules are changed."  [*Id.* ¶ 88 (cleaned up).]  He believes that he will be denied again if he applied now because he is not an active member of the Delaware Bar.[8]  [*See id.* ¶ 89.]  He thus challenges the District of Delaware's local rules restricting its bar to attorneys admitted to practice in the State of Delaware.  [*Id.*]

### D. Relevant Procedural History

On January 20, 2023, Plaintiff filed the Third Amended Complaint. [*See* TAC.] As before, he alleges that the Challenged Requirements for admission to the Delaware

---

[8] As far as the Court can discern from the allegations in the Third Amended Complaint, Plaintiff does not appear to be licensed as an attorney in any jurisdiction.

8

Bar violate the Privileges and Immunities Clause (Count I), the dormant Commerce Clause (Count II), the Equal Protection Clause of the Fourteenth Amendment (Count III), and the Due Process Clause of the Fourteenth Amendment (Count IV) of the United States Constitution as well as the Rules Enabling Act, 28 U.S.C. § 2071(a) (Counts V and VI). [TAC ¶¶ 90–168.] Plaintiff further alleges that D. Del. LR 83.5(b) and D. Del. LR 83.5(f)(2) violate the Rules Enabling Act because they "include the exact same discriminatory requirements as the Delaware Supreme Court['s]" admission rules and thus abridge, enlarge, or modify a substantive right under the Privileges and Immunities Clause and the dormant Commerce Clause. [*Id.* ¶¶ 144, 160; *see id.* ¶¶ 136–68.] Finally, Plaintiff alleges that he "has no adequate remedy at law" and seeks declaratory and injunctive relief (Count VII) that the Challenged Requirements "are unconstitutional and unenforceable[] and that the Plaintiff is not required to comply with the terms of these Rules when he makes his second attempt to get into the State and Federal Bars in the immediate future." [*Id.* ¶¶ 169–74, 175.]

On March 20, 2023, the Federal Defendant filed his Motion to Dismiss, [Docket No. 79], and on March 21, 2023, the State defendants filed their Motion to Dismiss, [Docket No. 80]. They both seek to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Plaintiff lacks standing to bring this action, Plaintiff has failed to state a claim upon which relief could be granted, and that a variety of other substantive and procedural reasons bar Plaintiff's claims. [*See generally* Fed. Def.'s Br.; State Defs.' Br.] Plaintiff filed his respective opposition briefs

on May 14, 2023, [Docket Nos. 91, 92], and Defendants filed their reply briefs thereafter, [Docket Nos. 93, 94].

## II.   LEGAL STANDARDS

A pleading is generally sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To comply with this rule requiring a plaintiff to provide the "grounds" of his entitlement to relief, the plaintiff must allege more than mere labels and conclusions or a "formulaic recitation of the elements of a cause of action," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and he must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

When considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all well-pleaded allegations in the complaint, including all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005) (citations omitted). The motion should be granted if the court cannot grant the relief requested under any set of facts that could be proved.  *Id.* at 351 (citation omitted).  A court need not accept "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or "a legal conclusion couched

as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986). *See also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997) (observing that a court need not credit any "bald assertions" or "legal conclusions") (citation omitted). A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) must be granted if the court lacks subject matter jurisdiction to hear a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (hereinafter, "*In re Schering Plough Corp.*"). "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citation omitted). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Id.* (cleaned up) (citation omitted). The burden of establishing the court's jurisdiction is on the party asserting its existence. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). When a party fails to meet that burden, the court should dismiss the party's claims without prejudice. *See Figueroa v. Buccaneer Hotel Inc.*, 188

F.3d 172, 182 (3d Cir. 1999) ("a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.' ").

## III.    DISCUSSION

The Federal Defendant seeks to dismiss this action for several independent reasons.  First, the Federal Defendant contends that this Court lacks jurisdiction over Plaintiff's claims because Plaintiff cannot establish standing.  [Fed. Def.'s Br. 6–9.] Next, the Federal Defendant argues that Plaintiff's claims against him are barred by sovereign and judicial immunity.  [*Id.* at 9–11.]  Finally, the Federal Defendant argues that Plaintiff's claims should be dismissed for failure to state a claim.  [*Id.* at 12–20.] Offering similar arguments, the State Defendants also seek to dismiss Plaintiff's claims for lack of standing and failure to state a claim.  [State Defs.' Br. 7–17.]  In opposition, Plaintiff insists that he has established standing for each of the claims asserted.  [Pl.'s Opp'n to Federal Def.'s Br. 5–8; Pl.'s Opp'n to State Defs.' Br. 3–8.]  Plaintiff also responds to Defendants' other arguments, which the Court need not recite here.  [See Pl.'s Opp'n to Federal Def.'s Br. 8–24; Pl.'s Opp'n to State Defs.' Br. 8–20.]

After carefully reviewing the parties' submissions, the Court concludes that it need only discuss the threshold issue of whether Plaintiff has established standing as to each of the claims he asserts.  If he cannot, then the Court must dismiss Plaintiff's claims pursuant to Rule 12(b)(1), and it need not delve into the merits of each claim. *See Allen v. Wright*, 468 U.S. 737, 752 (1984) ("[T]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is *entitled* to an *adjudication* of the particular claims asserted.") (emphases

added); *Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 465 (D.N.J. 2013) (declining to address a party's remaining arguments where the court determined it necessary to dismiss party's claims for lack of standing). The Court thus focuses its written analysis on Defendants' primary argument.

### A.    The Fundamentals of Article III Standing

"This case begins and ends with standing." *Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, ___ F.4th ___, 2023 WL 5539276, at *3 (3d Cir. Aug. 29, 2023) (quoting *Carney v. Adams*, 141 S. Ct. 493, 498 (2020)). Article III of the Constitution limits the scope of the federal judicial power to resolving actual "Cases" or "Controversies." U.S. Const. art. III, § 2. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *In re Schering Plough Corp.*, 678 F.3d at 244 (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)) (cleaned up). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Greenberg v. Lehocky*, ___ F.4th ___, 2023 WL 5539272, at *5 (3d Cir. Aug. 29, 2023) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (internal quotation marks omitted)). The justiciability doctrine of standing refers to the requirement that a litigant must allege "such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers." *In re Schering Plough*

*Corp.*, 678 F.3d at 244 (citing *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975)) (cleaned up).

> Specifically, standing requires the plaintiff to prove three elements:
>
> *First*, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Second*, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. *Third*, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotations, alterations, and citations omitted) (emphases added). Importantly, standing must be established as to each claim asserted. *Cuno*, 547 U.S. at 352 (citations omitted).

## B.    Claims Against the State Defendants

In the Third Amended Complaint, Plaintiff again challenges the constitutionality of Delaware Supreme Court Rules 52(a)(2), 52(a)(8), 52(a)(9), and Del. BR 10, the rules embodying the Challenged Requirements. [TAC ¶¶ 20–25.] He directs his claims against the State Defendants and seeks judgment declaring these rules unconstitutional and unenforceable for the purposes of his future application for admission to the Delaware Bar. [TAC ¶ 175.]

The State Defendants argue that Plaintiff lacks standing to challenge these rules because, "having successfully completed those requirements, [Plaintiff] has suffered no harm by them." [State Defs.' Br. 2.] However, Plaintiff maintains that he will suffer an imminent injury when he reapplies for admission to the Delaware Bar in the

14

near future because, as he believes, he will be required to complete the Challenged Requirements for a second time. [Pl.'s Opp'n to State Defs.' Br. 3–4; *see also* TAC ¶¶ 76–80, 172.] In other words, he will have to "relocate from his home in beautiful Idaho" and move to Delaware to complete another clerkship, and he will have to source another preceptor to supervise him in the process and vouch for his application. [TAC ¶¶ 73, 80.]

Just as before, this Court finds that Plaintiff has failed to demonstrate standing to adjudicate the constitutionality of the Challenged Requirements.

Plaintiff's alleged injury rests on a speculative foundation, so the Court determines that, based on the allegations contained in the Third Amended Complaint, he will not suffer an injury in fact. *Lujan*, 504 U.S. at 560–61. In Chief Judge Wolfson's decision, she essentially explained this rationale, observing that Plaintiff did not adequately explain his belief that he would be required to redo each of the Challenged Requirements in order to complete a second admission application. *See Witzke v. Seitz*, 2022 WL 16852613, at *8 n.5 (D. Del. Nov. 10, 2022) ("Although Plaintiff appears to assume that he will be required to complete the Clerkship, Checklist, and Preceptor Requirements for a second time, Plaintiff does not point to any dispositive authority to that effect."). In the Third Amended Complaint, Plaintiff insists that he "will be required to successfully complete all three of the challenged admissions requirements" again in order to submit his future application. [TAC ¶ 76.] However, this time he alleges that an unnamed person at the DBBE told him that a new application "means a renewal of the admission requirements." [TAC ¶ 72.]

15

The Court need not credit Plaintiff's speculative assertion, *see Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) (explaining that a court can reject "unsupported conclusions and unwarranted inferences" when reviewing a pleading's allegations), nor must the Court accept Plaintiff's interpretation of Delaware's Supreme Court Rules where it is "couched as a factual allegation," *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (explaining that a court can reject "a legal conclusion couched as a factual allegation"). Plaintiff's alleged injury is simply not "concrete" or "real." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (explaining that by "concrete," the Court means that the injury "must actually exist"). It must be rejected accordingly. *See Reilly v. Ceridian Corp.*, 664 F.3d 38, 42 (3d Cir. 2011) (dismissing employees' claims in class action against company stemming from data breach because employees' alleged injury—that hacker copied their personal information and intended to misuse their information in the future—were "hypothetical" "conjectures" failing to establish that employees suffered any injury).

Moreover, like Chief Judge Wolfson, *see Witzke*, 2022 WL 16852613, at *8 n.5, this Court reads the applicable Delaware Supreme Court Rules to require completion of each requirement in order to become a member of the Delaware Bar. *See generally* Del. Sup. Ct. R. 52(a) ("*Requirements for admission.* – No person shall be admitted to the Bar unless the applicant shall have qualified by producing evidence satisfactory to the Board: . . ."). The Rules do not appear to require renewed completion of each prerequisite in connection with every successive application. A plain reading of the text of Rule 52 does not support that conclusion, and Plaintiff has failed to point to a

16

legitimate authority—or to allege sufficient facts—to convince the Court otherwise.[9]
The Court thus rejects Plaintiff's attempt to manufacture standing as to the claims
asserted against the State Defendants.   *See Clapper*, 568 U.S. at 414 (noting that a
"speculative chain of possibilities" cannot establish injury based on future conduct).
His alleged injury is pure applesauce.

For the foregoing reason, the Court concludes that Plaintiff has not
demonstrated standing as to each of the claims he asserts against the State Defendants.
Pursuant to Rule 12(b)(1), such claims must be dismissed without prejudice.  *See Ellison
v. Am. Bd. Of Orthopaedic Surgery*, 11 F.4th 200, 210–211 (3d Cir. 2011) (noting that
"dismissal for lack of standing is generally without prejudice" because " 'the absence
of standing leaves the court without subject matter jurisdiction to reach a decision on
the merits' ") (citing *Cottrell v. Alcon Labs.*, 874 F.3d 154, 164 n.7 (3d Cir. 2017)).  The
Court need not address the remainder of the parties' other arguments, as they are
immaterial to the Court's analysis.   Besides, as Plaintiff has already successfully
completed the Challenged Requirements and his application for admission to the
Delaware Bar was denied for his lack of candor, this Court refuses to moot the
constitutional issues and render, what would be in these circumstances, an advisory

---

[9] To the contrary, the State Defendants—including multiple Justices of the
Delaware Supreme Court—have represented that Plaintiff will not be required to redo
the Challenged Requirements.  [State Defs.' Reply Br. 2.]  Their representation is
binding on them, *see Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 211 n.20 (3d Cir.
2006) ("Judicial admissions are concessions in pleadings or briefs that bind the party
who makes them.") (citations omitted), which the Court construes to be in support its
interpretation of the applicable Delaware Supreme Court Rules.

opinion.  *See In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 421 (3d Cir. 2013) (explaining that federal courts " 'may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts' ") (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)).

## C.    Claims Against the Federal Defendant

Additionally, Plaintiff again challenges the constitutionality of D. Del LR 83.5(b) and D. Del. LR 83.5(f)(2).   [TAC ¶¶ 82–89, 142–52, 160, 162–68, 175.] Plaintiff asserts that these admission rules were designed to keep non-resident attorneys out of Delaware and to protect local economic interests, in violation of the Privileges and Immunities Clause and the dormant Commerce Clause, among others. [*Id.*]  Plaintiff also argues that the admission rules are unconstitutional because they adopt "in full practical effect" the Challenged Requirements discussed above.  [TAC ¶ 142.]  He claims that he will suffer an injury in fact because he plans to reapply for admission to the District of Delaware and expects that he will be denied again because he is not a member of the Delaware Bar.  [*Id.* ¶ 89; *see also* Pl.'s Opp'n to Federal Def.'s Mot. 5–7.]  He seeks declaratory relief from this Court to preclude enforcement of D. Del. LR 83.5(b) and 83.5(f)(2).  [TAC ¶ 168.]

Just as the State Defendants, the Federal Defendant argues that Plaintiff lacks standing to challenge the District of Delaware's local admission rules because he has not "alleged any actual or non-speculative injury attributable to the [Challenged Requirements], let alone to the District Court Local Rules." [Fed. Defs.' Br. 6.]

The Court agrees with the Federal Defendant.  Plaintiff lacks standing to challenge D. Del. LR 83.5(b) and D. Del. LR 83.5(f)(2) for the same reasons discussed in Chief Judge Wolfson's decision. *Witzke*, 2022 WL 16852613, at *10.  There, she determined that Plaintiff had failed to establish standing in the Second Amended Complaint to challenge the District of Delaware's admission rules because Plaintiff's alleged injury stemmed directly from his inability to pass the character and fitness requirements for admission to the Delaware Bar. *Id.*  Thus, she reasoned that Plaintiff had not demonstrated that his injury was "fairly traceable" to the admission rules, nor that any harm flowing from the District of Delaware's adoption of the Clerkship, Checklist, and Preceptor Requirements into its local admission rules by implication would be redressable through a court order. *Id.*  She concluded that Plaintiff would likely not qualify for admission to the District of Delaware upon reapplication due to his moral character issues. *Id.*

The Third Amended Complaint is no different in all material respects.  It links Plaintiff's alleged injury with his speculative—and, ultimately, faulty—belief that he must recomplete each of the Challenged Requirements in order to apply for admission to the Delaware Bar.  [TAC ¶¶ 85, 142, 160; Pl.'s Opp'n to Federal Def.'s Mot. 6 (explaining that if he reapplies again, Chief Judge Connolly "would refuse to process [his] application . . . due only to the failure to satisfy the Challenged Rules' requirements").  As this Court has already explained, such injury is not "real." *See supra* § III.B.  Therefore, it cannot serve as the basis for his challenge to a requirement

that he become admitted to the Delaware Bar in order to be eligible for admission to the District of Delaware.

Furthermore, Plaintiff has not convinced this Court of his standing to adjudicate whether the District of Delaware's admission rules are constitutional for a more straightforward reason:  Plaintiff has not alleged that he is an attorney admitted to practice in any jurisdiction.  As Plaintiff knows, the district court's admission rules require the applicant to be an (i) "attorney" who is (ii) "admitted to practice by the Supreme Court of the State of Delaware."  *See* D. Del. LR 83.5(b); D. Del. LR 83.5(f)(2).  Based on the facts contained in the Third Amended Complaint, Plaintiff is neither a licensed attorney nor admitted to practice in Delaware specifically.  [*See generally* TAC.]  Thus, Plaintiff's alleged injury—that the District of Delaware will deny his future application for admission because he is not admitted to the Delaware Bar—cannot be redressed by a pronouncement from this Court that the District of Delaware unfairly favors resident attorneys over non-resident attorneys in its local admission rules.  *See Lujan*, 504 U.S. at 561 ("it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision") (internal quotation marks and citation omitted).  That outcome would not change the fact that Plaintiff is not a licensed attorney in any jurisdiction due to his moral character issues.  This strongly undermines his assertion of standing.[10]

---

[10] This problem was identified previously as well. *See Witzke*, 2022 WL 16852613, at *10.  Unlike the attorneys in *National Ass'n for the Advancement of Multijurisdictional Practice (NAAMJP) v. Simandle*, 685 F. App'x 127 (3d Cir. 2016) who had standing to challenge the District of New Jersey's Local Civil Rule 101.1 because

In sum, Plaintiff has failed to establish standing to challenge D. Del. LR 83.5(b) and D. Del. LR 83.5(f)(2). His claims are duplicative of his challenges to Delaware's Supreme Court Rules, and he has not persuaded this Court that a favorable decision on the merits of his challenges would result in his admission to the District of Delaware. Accordingly, the Court dismisses Plaintiff's claims against the Federal Defendant pursuant to Rule 12(b)(1). *See Ellison*, 11 F.4th at 210–211. It need not address the parties' other arguments. *See Polanco*, 988 F. Supp. 2d at 465.

## IV.   CONCLUSION

For the reasons expressed above, the Court will **GRANT** Defendants' pending Motions, and **DISMISS** all claims asserted by Plaintiff. An accompanying Order shall issue separately on today's date.

**9/29/2023**
Date

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge

---

they were "already engaged in the legal profession, admitted to the bar of [the State of New York], and would apply to the District [of New Jersey] bar if the rules were changed to permit their admission," *id.* at 133, Plaintiff here is not admitted to practice in any jurisdiction and does not appear to be engaged in the legal profession. As a result, Plaintiff has not suffered an injury in fact.